IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CRAIG ALAN POTH,** | § | |
| | § | |
| V. | § | A-09-CA-911-JN |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division,** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE JAMES R. NOWLIN
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 13); and Petitioner's response thereto (Document 15). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

### STATEMENT OF THE CASE

**A.   Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 299th Judicial District Court of Travis County, Texas, in cause

number D-1-DC-06-904110-A. Petitioner was charged with the felony offense of murder. Petitioner entered a plea of guilty before the court, which on December 10, 2007, found him guilty and assessed punishment at 50 years imprisonment. Petitioner did not appeal his conviction. He did, however, challenge his conviction in a state application for habeas corpus relief. On November 4, 2009, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court. Ex parte Poth, Appl. No. 72,686-02 at cover.

**B.    Factual Background**

> According to the state habeas court:
>
> On December 10, 2007, applicant pled guilty to felony murder and to intoxication assault with no agreement as to punishment. The intoxication assault sentence was enhanced with a prior conviction for sexual assault, and a repeat family violence assault was taken into consideration pursuant to § 12.45, Penal Code.[1]
>
> Applicant entered into an agreement that he would waive his appeals if the State would abandon the enhancement allegation in the murder indictment. . . .
>
> On May 23, 2006, a grand jury returned separate indictments alleging applicant caused the death of Carolyn Bowles and caused serious bodily injury to Nancy Skalski arising from the same automobile collision, occurring on April 29, 2006. The first indictment alleged applicant committed felony murder, and the second alleged he committed intoxication assault and aggravated assault. A prior sexual assault conviction was alleged to enhance punishment for all of the charged offenses, and both indictments alleged applicant's vehicle was a deadly weapon.
>
> On November 13, 2006, applicant was re-indicted on the murder charge with the new indictment adding a count for intoxication manslaughter.
>
> On February 8, 2007, the trial court granted a motion to quash the original murder indictment, finding that felony driving while intoxicated could not serve as the predicate offense for felony murder because driving while intoxicated did not require any culpable mental state. The State's appeal from this order was sustained on September 26, 2007, because on June 27, 2007, the Court of Criminal Appeals had

---

[1] Petitioner was sentenced to 12 years imprisonment for the intoxication assault. Ex parte Poth, Appl. No. 72,686-01 at 10.

> held that no culpable mental state is required for felony murder if the predicate offense is felony driving while intoxicated. Lomax v. State, 233 S.W.3d 302.
>
> Applicant had been driving a vehicle which crossed the center line, striking an oncoming car. The driver of the other vehicle died, and applicant's passenger was seriously injured, as a result of this collision. Applicant made statements to officers at the scene, and in recorded phone calls he made from jail, that he had been driving and had been drinking alcohol prior to the accident. A blood test after the accident showed applicant's blood-alcohol content was .16 grams per 100 milliliters.
>
> Applicant pled guilty to [the] murder count in the re-indictment and to the intoxication assault count of the other original indictment. He signed a plea form for each cause which stated that he was waiving his right to a jury, his right to confront witnesses, his right to subpoena witnesses, and his right to remain silent. He also placed his initial next to an admission that he "committed each and every element of the offense now charged against [him] in this case," and that he understood the consequences of his plea.

Ex parte Poth, Appl. No. 72,686-02 at 64-65.

**C.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Petitioner's conviction cannot be permitted to stand because it is founded upon a plea of guilty that is void of a factual basis;

2. Petitioner's plea of guilty is constitutionally infirm because it was entered without an adequate understanding of the nature and elements of the offense to which he pleaded guilty;

3. Petitioner's plea to the offense of murder was not freely and voluntarily entered;

4. Petitioner's conviction for murder cannot be permitted to stand because it was obtained without affording him his right to due process in violation of the 5th and 14th Amendments of the Federal Constitution;

5. Petitioner's conviction for murder cannot stand because it subjects him to double jeopardy in violation of the 5th and 14th Amendments of the Federal Constitution;

6. Petitioner's conviction for murder cannot stand because it was obtained without affording him his right to due process in violation of the 5th and 14th Amendments of the Federal Constitution;

3

7. Petitioner's conviction cannot stand because it was obtained without a valid waiver of Petitioner's 5th and 14th Amendment rights to the compulsory process;

8. Petitioner's plea of guilty to murder was entered without a waiver of the right to confrontation in violation of the Due Process Clause of the 5th and 14th Amendments of the Federal Constitution;

9. Petitioner's conviction for murder cannot be permitted to stand because it was obtained without affording him his rights to due process in violation of the 5th and 14th Amendments of the Federal Constitution;

10. Petitioner's right to appeal has been unlawfully abridged in violation of the 1st and 14th Amendments of the Federal Constitution;

11. The evidence in Petitioner's case is legally and factually insufficient to support a conviction for murder;[2] and

12. Petitioner was denied the right to counsel on appeal in violation of the 14th Amendment of the Federal Constitution.

**D.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

The AEDPA radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an

---

[2] Petitioner withdrew claim eleven.

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

5

B.     **Guilty Plea**

"To be valid, a guilty plea must be voluntary, knowing and intelligent. United States v. Washington, 480 F.3d 309, 315 (5th Cir. 2007). The test for determining a guilty plea's validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160 (1970). A court assessing the validity of a plea must look to "all of the relevant circumstances surrounding it and consider such factors as whether there is evidence of factual guilt." Matthew v. Johnson, 201 F.3d 353, 364-65 (5th Cir. 2000). The defendant must also have notice of the charges against him, understand the constitutional protections that he has waived, and have advice from competent counsel. Washington, 480 F.3d at 315 (citation omitted). Furthermore, the defendant must be competent, and the plea must "not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." Matthew, 201 F.3d at 365 (quoting Brady v. United States, 397 U.S. 742, 750, 90 S. Ct. 1463 (1962)). The trial court must inform the defendant of the consequences of his plea, but "the defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam).

A guilty plea "and the ensuing conviction encompasses all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757 (1989). A plea of guilty amounts to more than a mere confession; it is instead "an admission that [the defendant] committed the crime charged against

him." Id. at 570. A voluntary guilty plea waives all non-jurisdictional defects in the proceedings except claims of ineffective assistance of counsel relating to the voluntariness of the plea. United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann v. Richardson, 397 U.S. 759, 770-71, 90 S. Ct. 1441 (1970).

Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602 (1973); see also U.S. v. Cothran, 302 F.3d 279, 285-86 (5th Cir. 2002) (holding "[a] plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction").

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" Cuyler v. Sullivan, 446 U.S. 335, 344, 100 S. Ct. 1708 (1980) (quoting McMann v. Richardson, 397 U.S. 759, 770-71, 90 S. Ct. 1441 (1970)). "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." Argersinger v. Hamlin, 407 U.S. 25, 34, 92 S. Ct. 2006 (1972). Counsel's advice to a defendant to accept a proposed plea agreement, in light of the facts and circumstances of the case, is normally considered to be a strategic choice that rests within counsel's professional judgment. See Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992). To establish a claim that trial counsel's defective assistance rendered a plea involuntary, the petitioner must show that counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he would not

have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366 (1985).

The record in this case shows Petitioner executed a judicial confession and written admonishments, wherein he indicated that he understood the nature of the charges, the punishment range and the consequences of his plea. Ex parte Poth, Appl. No. 72,686-02 at 5. He initialed a paragraph in the admonishments that he understood the consequences of his plea, and that his plea was freely and voluntarily entered without any coercion, duress or promise of benefit. Id. at 7. Petitioner further acknowledged in the written admonishments that he understood the entire document, discussed it fully with his attorney, and he was satisfied that he had been effectively represented. Id. Such attestation carries a strong presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621 (1977).

Petitioner's trial counsel, Tom Weber, attested by affidavit in state habeas proceedings that:

Mr. Poth and I discussed many times his options and the possible consequences of his actions. I explained to Poth that if he went to trial on the murder indictment, and got convicted on count one, and, the enhancement paragraph was found true, his punishment would be between 15 years and life. I explained he would have the right to appeal[.] I explained fully all h is [sic] rights on appeal.

The State offered to let Mr. Poth plea to the murder charge, but to waive the enhancement, making his punishment five years to 99 years on [the] murder charge. However, the State insisted if Poth pled to the plea agreement he would have to waive appeal on all cases (exhibit 3 and 4). I explained to Poth all the evidence in the case, including Poth's own statements to police and his recorded statements to friends from jail. I explained to Poth that the State insisted if he pled to the State's offer he would have to waive appeal on both cases. I explained to Poth if he desired to appeal any issues, he should not accept the State's plea offer. I answered all Poth's questions about the facts and the law, and the law on appeals. Poth understood that he decided whether to accept or reject the plea offer, go to trial, and he decided whether he should testify or not testify. Poth knowingly and voluntarily decided he wanted to accept the State's plea offer, and waive appeal on all cases, in return for the State waiving the enhancement paragraph in the murder indictment. Poth

> knowingly and voluntarily pled guilty to murder without enhancement and intoxication assault. Poth also signed and initialed documents indicating he waived his right to appeal on both cases (Exhibit 3.4). The Judge thoroughly questioned Poth as to the terms of the plea agreement, including his waiver of his appeals, and if Poth understood the terms, and if his plea was voluntarily and knowingly entered into. I thoroughly explained to Poth the consequences of entering the plea agreement in both cases, and waiving appeal on all cases.

Ex parte Poth, Appl. No. 72,686-02 at 34-35. Weber further attested:

> In discussing the plea offer, Mr. Poth clearly understood he would have to waive all his rights to appeal if he wanted to accept the plea offer of the State. Mr. Poth strongly desired to obtain the State waiving the enhancement paragraph in the murder case, and lowering his possible range of punishment on the murder charge. Mr. Poth understood he would have to waive all his appeal rights on all the cases he pled to. I answered any questions he had about appeals. Mr. Poth told me he desired to accept the plea bargain and waive all his appeals. Mr. Poth knowingly and voluntarily pled and waived his appeal to Judge Baird (Exhibit 4.5). The State waived the prior conviction, lowering Mr. Poth's range of punishment. The Defendant never asked me to file appeal, as that was clearly addressed by the plea agreement, and, Poth and I had repeatedly discussed that part of the plea offer was waiver of all appeals. (Exhibit 3 and 4).

Id. at 36.

The state district court, sitting as a habeas court, found Weber to be credible, and that the affidavit correctly set out relevant facts in the case, and was consistent with other documentation in the court's file. Id. at 64. The state habeas court found that Petitioner knowingly and voluntarily entered his guilty pleas and knowingly and voluntarily waived his right to appeal. Id. at 65. The state habeas court further found that the granting of the motion to quash did not create a jeopardy bar to Petitioner's subsequent conviction for murder, and that the evidence which could have been presented if Petitioner had not pleaded guilty was sufficient to support a finding of guilt. Id. The state habeas court recommended that relief be denied. Id. The Texas Court of Criminal Appeals denied relief on these findings. Id. at cover.

9

The totality of the circumstances in this case reflects that Petitioner had a clear understanding of the proceedings against him, the nature of the offense for which he was charged, and the consequences of entering his plea. Petitioner has not overcome the presumption of verity accorded solemn declarations made in open court nor rebutted the findings and conclusions of the state habeas courts. Petitioner's conviction also does not violate the Double Jeopardy Clause. As explained by the state court, the granting of the motion to quash did not create a double jeopardy bar to Petitioner's subsequent conviction for murder.[3] Based on this record, the Court finds that Petitioner has failed to show his entitlement to relief under the AEDPA standard.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court

---

[3] "[J]eopardy does not attach . . . until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.'" Serfass v. United States, 420 U.S. 377, 388, 95 S. Ct. 1055 (1975) (quoting United States v. Jorn, 400 U.S. 470, 479, 91 S. Ct. 547 (1971)).

rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of May, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE